IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DUNCAN LOTT**                                                                                            **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 1:18cv63-GHD-DAS**

**AXA EQUITABLE LIFE INSURANCE
COMPANY and DISABILITY
MANAGEMENT SERVICES, INC.**
                                                                                           **DEFENDANTS**

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL
AND DENYING MOTIONS TO QUASH**

**Motion to Compel**

Before the court is Defendants' Motion to Compel [71], which seeks the compelled production of Plaintiff's business and financial records in response to their Second Set of Request[s] for Production of Documents. As to each request at issue:

**Request No. 23** seeks a "Matters Opened Summary Report" for Langston & Lott, P.A. from 2010 to present, displaying client name, matter name/description, file number, name of responsible/assigned lawyer, and date each file was opened.

**Request No. 24** seeks a "Closed Files Report" for Langston & Lott, P.A. from 2010 to present, displaying client name, matter name/description, file number, name of the responsible/assigned attorney, file open date, and date each file was closed/inactivated/archived.

The parties make the same arguments regarding Requests 23 and 24, and the Court likewise applies the same analysis.

Plaintiff objected on the grounds of relevancy and to the production of any documents past the cutoff of benefits in May 2017. However, in his response to the motion to compel,

Plaintiff only raised the issue of relevance. Nevertheless, Plaintiff represents he "provided the information to satisfy the Request."

As to the relevance issue—which is Plaintiff's primary objection to the bulk of the requests at issue as well as multiple motions to quash which will also be addressed in this order—the parties dispute whether Plaintiff's profession was that of an attorney or a specialized trial attorney. Plaintiff's occupational disability policy hinges on whether he can perform the "substantial and material" aspects of his profession. If Plaintiff's profession is "trial attorney," he contends any continuing work as a general practice attorney is irrelevant. However, Defendants assert Plaintiff was a general practice attorney who has continued to perform those duties. Thus, this case revolves around a determination of Plaintiff's regular occupation, the substantial and material duties of said occupation, and which of those duties, if any, Plaintiff became unable to perform as a result of his claimed disability (and if found to be partially disabled, whether he experienced a qualifying loss of income). *See House v. Am. United Life Ins. Co.*, 499 F.3d 443, 453-55 (5th Cir. 2007).

The Court therefore finds that information relating to Plaintiff's occupational duties without limitation to work as a "trial attorney"—before, during, and after cessation of benefits—is relevant and discoverable. As to Plaintiff's objection that the request is not limited to Plaintiff but to the firm as a whole, Plaintiff owns a fifty-percent interest in the firm, and the policy at issue grants to Defendants the right to "examine [his] business and personal financial records . . . as often as [they] reasonably require to determine [his] [e]arnings."

The Court notes that Plaintiff represents he provided the information requested in spite of his objections. If Plaintiff discovers additional responsive documents, he is hereby ordered to supplement.

**Request No. 25** seeks a report for Langston & Lott, P.A. displaying in chronological order all matters/cases/files for which Duncan Lott was designated as the Client Intro Lawyer, Fee Credit Lawyer, Responsible Lawyer, and/or Assigned Lawyer which were opened from 2008 to present, and including the date opened, description, and close date, if any.

The only distinguishing feature of this request is that it is limited to Plaintiff. The parties otherwise employ essentially the same arguments, and the Court's analysis equally applies. Plaintiff's objections are overruled.

**Request No. 26** seeks a Collection Summary Report from 2010 to present providing a chronological monthly/yearly analysis of payments received by Langston & Lott, P.A. displaying date of collection, fee/payment amount, name of fee credited lawyer, name of responsible lawyer (if different), client name, and matter number.

Plaintiff again objects based on relevancy and breadth, which the Court overrules for the reasons already discussed. However, as to this request, Plaintiff also asserts that the requested information is privileged. The entirety of his privilege argument is that "the information is confidential and privileged" and "invades the province of the attorney-client privilege in seeking confidential information involving client files." "The identity of a client is not normally within the attorney-client privilege, nor are matters involving the receipt of fees from a client usually privileged." *Auto Parts Mfg. Miss. Inc. v. King Constr. of Houston, LLC*, 2017 WL 1233901 at *2 (N.D. Miss. Apr. 3, 2017) (citing *In re Grand Jury Proceedings*, 517 F.2d 666, 670-71 (5th Cir. 1975)). A client's motive for retaining an attorney is privileged, as are "invoices revealing the nature of the services provided, including the areas of legal research and strategy." *Id.* The Court finds that Request 26 seeks only client identity and fee information. Plaintiff's objections as to privilege are overruled.

**Request No. 28** seeks a Purchases Journal Report/Payment Listing Report for the categories of Expenses named "Consulting Fees" and "Advertising Fees" providing an itemized breakdown of the total amount of each category for each year from 2010 to present displaying vendor/payee name, invoice date, matter number, payment amount and date, and explanation.

Plaintiff again argues the requested documents are irrelevant because whether he continued to work as an attorney has no bearing on whether he continued to work as a trial attorney. However, as already discussed, Plaintiff's profession at the time of his claimed disability is at issue as is the impact, if any, of that disability. For the reasons already discussed, Plaintiff's objections are overruled.

**Request No. 30** seeks copies of agreements between Langston & Lott, P.A., with Faegre Baker Daniels, LLP, Stephen S. Kreller, and/or the Kreller Law Firm regarding or pertaining in any way to the handling of or representation of claimants/plaintiffs in connection with the Deepwater Horizon oil spill and/or BP oil spill litigation.

**Request No. 31** seeks copies of settlement statements received or prepared by Langston & Lott, P.A. in connection with settlement of claims arising out of the Deepwater Horizon/BP oil spill litigation, providing a breakdown of the settlement proceeds including attorneys' fees paid to Langston & Lott, P.A., Faegre Baker Daniels, LLP, Stephen S. Kreller, and/or the Kreller Law Firm.

**Request No. 32** Seeks copies of all contracts entered into in whole or in part by or on behalf of Langston & Lott, P.A., with clients having claims as a result of or relating to the Deepwater Horizon/BP oil spill.

In response to the motion to compel, Plaintiff addresses Requests 30, 31, and 32 collectively—challenging relevance and breadth.[1] The Court reiterates that while Plaintiff contends he was a trial attorney who became totally disabled and switched occupations to that of an attorney, Defendants maintain that Plaintiff's occupation at the time of his claimed disability was an attorney. The parties dispute Plaintiff's involvement in the BP oil spill litigation, and the income derived from that litigation—and Plaintiff's other work activities—becomes relevant in the event Plaintiff is found to have only been partially disabled to determine whether he experienced a qualifying loss of income. The Court has already addressed why the documents requested from the firm need not be limited to Plaintiff alone.

The Court therefore finds that the documents requested are relevant and discoverable. While Plaintiff did not raise confidentiality, the Court further finds that, because the documents requested are contracts with other attorneys and/or clients, they shall be deemed confidential and produced subject to the protective order [35] previously entered by this Court.

**<u>Motions to Quash</u>**

By order dated May 23, 2019 [74], this Court dismissed six subpoenas *duces tecum* [43, 44, 45, 46, 58, 59] for lack of jurisdiction pursuant to Fed. R. Civ. P. 45(d)(3)(A). The parties as well as certain respondents have now filed a joint stipulation [80] withdrawing the "100 mile" objections, agreeing that compliance may be satisfied by production in Oxford, Mississippi, and asking that the motions to quash be reinstated and disposed of on the merits. The Court grants the parties' request to reinstate the motions to quash.

---

[1] The Court notes that in the underlying responses to Requests 30, 31, and 32, Plaintiff also objected that "business contracts with other attorneys are privileged and confidential." But Plaintiff has not raised any such objection before this Court, nor has he cited any authority to support such objection.

Now before the Court are four motions to quash subpoenas *duces tecum* filed by Plaintiff, Duncan Lott,[2] as well as two respondents' motions to quash.[3]

*SDT as to Jones & Jones [43, 58]*

The subpoena seeks "Statements of Revenue & Expenses prepared for and on behalf of Langston & Lott, P.A., through February, 2019." Plaintiff objects to the production of documents prior to the onset of disability on August 17, 2010, and after the termination of benefit on May 2, 2017. Plaintiff also argues that the information would not reflect his work for the firm nor income derived from his duties there. Respondent argues that the information sought is confidential and privileged per Miss. Code Ann. § 73-33-16(2).

The relevance analysis applied to the motion to compel [71] applies equally here. Plaintiff owns a fifty-percent interest in the firm and was at times its sole practitioner. The income and expenses generated by the firm as a whole before, during, and after his claimed disability is relevant to this litigation. As to the claimed accountant-client privilege,

> Rule 501 of the Mississippi Rules of Evidence states that:
>
>> Except as otherwise provided by the United States Constitution, the State Constitution, by these rules, or by other rules applicable in the courts of this state to which these rules apply, no person has privilege to . . . [r]efuse to produce any object or writing.
>
> The Mississippi Rules of Evidence do not provide for an accountant-client privilege. *See* Miss. R. Evid. 501-505. Further, although the Mississippi Supreme Court has not specifically held that the accountant-client statute has been abrogated, it has consistently and clearly held that *all* statutory privileges were abrogated in 1986 by the adoption of Rule 501 of the Mississippi Rules of Evidence. *E.g.*, *Deeds v. State*, 27 So. 3d 1135, 1141-43 (Miss. 2009) (This Court has held that the

---

[2] Plaintiff's motions to quash are based upon notices of intent to serve a subpoena *duces tecum* on (1) Jones & Jones Certified Public Accountants of Booneville, P.A. [43]; (2) Renasant Bank [44]; (3) Brawner, Vanstory & Company [45]; and (4) Langston & Lott, Attorneys at Law, PLLC [46].
[3] Jones & Jones Certified Public Accountants of Booneville, P.A. [58] and Langston & Lott, Attorneys at Law, PLLC [59] both filed motions to quash as respondents.

> Mississippi Rules of Evidence supercede statutory provisions which would render inadmissible evidence that would otherwise be admissible under the Rules of Evidence . . . ."); *Whitehurst v. State*, 540 So. 2d 1319, 1323-24 (Miss. 1989); *Hughes v. Tupelo Oil Co.*, 510 So. 2d 502, 505 (Miss. 1987); *see also* Miss. R. Evid. 1103 ("All evidentiary rules, whether provided by statute, court decision or court rule, which are inconsistent with the Mississippi Rules of Evidence are hereby repealed."). Moreover, there is no authority, at least that this Court could find, evidencing that the accountant-client privilege has been successfully asserted in Mississippi since the enactment of the Mississippi Rules of Evidence. Thus, for these reasons, the Court finds that there is no accountant-client privilege under Mississippi law.

*Midwest Feeders, Inc. v. Bank of Franklin*, 2016 WL 7422560 at *3 (S.D. Miss. May 16, 2016).

This Court likewise so holds. The motions to quash as to Jones & Jones [43, 58] are DENIED. However, the documents shall be deemed confidential and produced subject to the protective order [35] previously entered by this Court.

*SDT as to Renasant Bank [44]*

The subpoena seeks copies of statements for the Langston & Lott, P.A. operating account from June 1, 2010, through present—not including escrow or trust accounts. Plaintiff objects that the statements are not relevant and would contain privileged information such as staff and secretary salaries, case expenses, client names, and payments to experts. Plaintiff further argues that any information after the termination of benefits is not relevant.

As previously found, the extent of Plaintiff's ongoing legal practice is at the heart of this litigation and financial records of that ongoing legal practice are relevant before, during, and after his claimed disability. As to the claim of privilege, staff salaries, client names, and case expenses/fees are not privileged, and Plaintiff cites no authority for his assertion of privilege. The motion to quash as to Renasant Bank [44] is therefore DENIED. However, the documents

shall be deemed confidential and produced subject to the protective order [35] previously entered by this Court.

*SDT as to Brawner, Vanstory & Company [45]*

The subpoena seeks "Statements of Revenue & Expenses prepared for and on behalf of Langston & Lott, P.A., from and after January 1, 2008." Plaintiff repeats his arguments from the Jones & Jones subpoena that records before onset and after termination of benefits are irrelevant and do not reflect his duties with the firm. The Court has repeatedly and thoroughly addressed that Plaintiff's income may correlate to the duties of his practice and his financial records before his claimed disability, while receiving disability benefits, and after termination of benefits are relevant. The Court notes that Plaintiff does not assert accountant-client privilege and the accounting firm has not objected to the subpoena. Nevertheless, the Court will maintain consistency in its ruling. The motion to quash as to Brawner, Vanstory & Company [45] is DENIED. However, the documents shall be deemed confidential and produced subject to the protective order [35] previously entered by this Court.

*SDT as to Langston & Lott, Attorneys at Law, PLLC [46, 59]*

The subpoena seeks

1. A report for the PLLC displaying any matters for which Duncan Lott was listed or designated as the client intro lawyer, fee credit lawyer, responsible lawyer, or assigned lawyer which were opened from January 2012 to present, including the date the matter was opened, description, and close date.
2. A Collection Summary Report for the period of January 2012 through present providing a chronological analysis of payments received by the PLLC for any cases or matters handled by Duncan Lott, displaying for each fee/payment the date of collection, fee/payment amount, client name, and matter number.
3. All documents/reports evidencing any payments by the LLC to DL Consulting, Inc., and/or Duncan L. Lott and a description of the services performed therefor.

4. A copy of the initial application for professional liability insurance coverage submitted by or on behalf of the PLLC to Torus Specialty. Defendants believed the period for initial coverage with Torus ran from 2/4/15 to 2/4/16 and provided coverage for, among others, Duncan Lott.

5. A copy of any applications for professional liability insurance coverage submitted by or on behalf of the PLLC for coverage on or behalf of Duncan Lott with a policy period beginning in 2019.

Plaintiff asserts the information is privileged, he has no ownership interest in the PLLC, and receives no income or benefits from the PLLC. The PLLC likewise asserts it has never employed Plaintiff, he has never received a salary or any other compensation from the PLLC, and that his oldest son is the sole shareholder of the PLLC. The PLLC also states it has never made any payment to DL Consulting or Duncan Lott. Finally, the PLLC asserts that "the information sought contains privileged and confidential information with regard to attorney/client relationships the PLLC has with individuals and entities independent of the present matter."

If Plaintiff has never performed any work for the PLLC nor ever drawn a payment or salary from the PLLC, then there should be no responsive reports to produce. The subpoena does not seek reports as to the PLLC as a whole (in contrast to the requests for production regarding the P.A. and the subpoenaed financial records of the P.A.). Rather, the subpoena to the PLLC is limited to reports involving Plaintiff. Such reports concerning Plaintiff's work activities and duties, as well as his resulting income, are relevant.

While both Plaintiff and the PLLC claim privilege, neither clarifies how the information requested is privileged. The identity of an attorney handling a case is not privileged. Client names and fees are not privileged. Nor have Plaintiff or the PLLC cited this Court to any authority that applications for professional liability insurance are privileged. The objections based on privilege are thus overruled. The motions to quash as to Langston & Lott, Attorneys at

Law, PLLC [46, 59] are DENIED. However, the documents shall be deemed confidential and produced subject to the protective order [35] previously entered by this Court.

IT IS, THEREFORE, ORDERED that Defendants' Motion to Compel [71] is GRANTED.

IT IS FUTHER ORDERED that the motions to quash reinstated herein [43, 44, 45, 46, 58, 59] are DENIED. However, the documents shall be deemed confidential and produced subject to the protective order [35] previously entered by this Court.

SO ORDERED, this the 20th day of June, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE