**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DUNCAN LOTT**                                                                                                 **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 1:18cv63-GHD-DAS**

**AXA EQUITABLE LIFE INSURANCE
COMPANY and DISABILITY
MANAGEMENT SERVICES, INC.**                                 **DEFENDANTS**

## ORDER DENYING MOTION TO COMPEL

Before the court is Plaintiff's Motion to Compel [72], which seeks the compelled production of documents claimed to be privileged or a clarified privilege log. While Defendants submitted a privilege log for the documents at issue, Plaintiff asserts it is deficient.

A party withholding information on the claim of privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). State law "is determinative of the attorney-client privilege," and "Mississippi Rule of Evidence 502 provides that a client has the privilege of refusing to disclose any confidential communications made 'for the purpose of facilitating the rendition of professional legal services to the client.'" *Dunn v. State Farm Fire and Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). "The privilege does not require the communication to contain purely legal analysis or advice to be privileged," but rather "relat[es] to and cover[s] all information regarding the client received by the attorney in his professional capacity and in the course of his representation of the client." *Id.* The rule protects communications "between [the client] or his representative and lawyer or his lawyer's representative . . . or among lawyers and

their representatives representing the same client." *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 487 (N.D. Miss. 2006) (quoting M.R.E. 502).

Defendants' First Amended Joint Privilege Log identifies each document withheld by date, type, and parties to the communication—both names and titles. The subject of each document is identified as either "Duncan Lott claim," "Communications with attorney for Duncan Lott," or "Duncan Lott claim settlement negotiations." And the privilege claimed is identified as either "Attorney-Client Privilege" or both "Attorney-Client Privilege and/or Work Product Doctrine." Contrary to Plaintiff's contentions, the Court finds the log contains sufficient information to assess the privilege.

Every entry involves a communication with defense counsel as the sender or the primary recipient. Some of the communications were between attorneys. Some were from legal assistants on behalf of attorneys. Many were between attorneys and claim consultants. While it is true that not every communication with an attorney is protected, the rule is considerably broad. This is not a case where Defendants are attempting to assert privilege because an attorney was simply carbon-copied on every communication. Although many of the documents have other parties as carbon-copied recipients, counsel was either the sender or the primary recipient of each one. It is clear from the log that the communications relate to the Duncan Lott claim and involve information regarding Defendants received by counsel in his professional capacity and in the course of representation. The Court therefore finds that they were made to facilitate the rendition of legal services and are protected by the attorney-client privilege.[1]

Plaintiff also seeks production of responsive documents dated prior to October 5, 2015. The Court accepts Defendants' representation that they have not withheld any documents prior to

---
[1] The Court also finds that those documents which were clearly prepared by counsel, such as invoices and draft correspondence, are protected work-product.

October 5, 2015, and that any such documents were included in the claim file which was produced in its entirety. If any additional responsive documents are discovered, Defendants of course remain under a duty to supplement.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel [72] is DENIED.

SO ORDERED, this the 20th day of June, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE