IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DUNCAN LOTT                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO.: 1:18-cv-00063-GHD-DAS

AXA EQUITABLE LIFE INSURANCE
COMPANY; and DISABILITY MANAGEMENT
SERVICES, INC.                                                                              DEFENDANTS

## ORDER DENYING PLAINTIFF'S OBJECTIONS TO AND APPEAL OF MAGISTRATE JUDGE'S ORDERS

Presently before the Court in the case *sub judice* are the Plaintiff's objections [96, 98, 113] to and appeal of three orders [83, 82, 112] entered by the Magistrate Judge in this matter. The first order [83] denied the Plaintiff's motion to compel the Defendants to produce documents claimed to be privileged, or to produce a clarified privilege log [72]; the second order [82] granted the Defendants' motion to compel certain business and financial records of the Plaintiff [71]; and the third order [112] granted the Defendants' motion for protective order [95]. The Defendants have filed responses to the Plaintiff's objections. The matter is now ripe for review. *See* L. U. Civ. R. 72(a)(1)(A). Upon due consideration and for the following reasons, the Plaintiff's objections are overruled and the Magistrate Judge's Orders are affirmed in all respects.

*I.     Factual and Procedural Background*

In 1986, the Plaintiff purchased a disability insurance policy from the Defendant AXA Equitable Life Insurance Company ("AXA"). In 2000, prior to the Plaintiff filing a claim for benefits under his policy, AXA entered into an agreement with the Defendant Disability Management Services, Inc. ("DMS") for DMS to handle AXA's disability claims. The Plaintiff was diagnosed with Multiple Sclerosis in 2008 and filed a claim for disability benefits under his

1

AXA policy in July 2010. AXA paid disability benefits to the Plaintiff from August 2010 until March 2017, when it denied him further benefits. The Plaintiff then filed this lawsuit in April 2018, asserting claims for breach of contract, bad faith, and intentional infliction of emotional distress [1].

The parties are now conducting discovery. Following the parties' thorough briefing on each of the underlying motions that form the basis of the Plaintiff's objections/appeals, the Magistrate Judge entered Orders [83, 82, 112] adjudicating each of the motions. The Plaintiff's present objections [96, 98, 113] to appeal the Magistrate Judge's Orders followed.

## II. Standard of Review

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v.*

2

*Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

### *III. Analysis and Discussion*

After careful consideration of the parties' arguments, the Magistrate Judge's Orders, and all pertinent legal authorities, the Court finds that the Magistrate Judge's Orders are supportable by the record and are not clearly erroneous or contrary to law, and the Court therefore affirms those Orders.

The Magistrate's first Order [83], which denied the Plaintiff's motion to compel or produce a clarified privilege log [72], clearly and accurately sets forth the facts surrounding the subject discovery dispute, describes the Defendants' Privilege Log in detail, explains why the Plaintiff's motion should be denied, and directs the Defendants to timely supplement their discovery production if any additional responsive documents are discovered. The Court agrees with the Magistrate's analysis and ruling on this motion – the Defendants' Privilege Log contains sufficient information and the documents annotated on the Log are clearly privileged; in addition, as is the case in the Magistrate's Order, the Court reminds the Defendants that they are under a continuing duty to supplement their discovery production if any additional responsive documents are discovered. Accordingly, the Court finds that the Magistrate's ruling is not clearly erroneous or contrary to law, and the Court hereby affirms the Magistrate's Order [83].

The Magistrate's Second Order [82], which granted the Defendants' motion to compel [71] and denied several motions to quash [43, 44, 45, 46, 58, 59], likewise contains sound findings and

3

reasoning. In this Order, which is lengthy and detailed, the Magistrate analyzed each of the Defendants' discovery requests in turn and set forth cogent analysis regarding each request. The Court finds that the Magistrate's ultimate ruling – that the requested documents are relevant and discoverable – is not clearly erroneous or contrary to law; neither is the Magistrate's ruling that the subject documents, which shall be produced, are to be deemed confidential and therefore produced subject to the protective order [35] that was previously entered in this matter. The Court further finds that the Magistrate's ruling that the subject motions to quash should be denied is not clearly erroneous or contrary to law. The Magistrate analyzed each of the subject subpoenas and set forth sound reasons that the motions to quash should be denied. Accordingly, the Court finds that the Magistrate's rulings in this Order [82] are not clearly erroneous or contrary to law, and the Court hereby affirms the Order.

Finally, the Magistrate's third Order [112], which granted the Defendants' motion for protective order [95], accurately sets forth the facts surrounding this dispute and succinctly and accurately applies those facts to the pertinent law. The Defendants' motion seeks a protective order regarding several of the subject matter areas included in the Rule 30(b)(6) depositions noticed by the Plaintiff to the Defendants. As the Magistrate noted in the subject Order, the subject areas of inquiry are either irrelevant or the Defendants have agreed to produce a witness regarding the relevant areas of inquiry as those areas relate to the Plaintiff's policy and claim – this Court agrees that more is not required and thus finds that the Magistrate's ruling is not clearly erroneous or contrary to law. As such, this Order is hereby affirmed.

In sum, the Court therefore finds that the Magistrate Judge's Orders are not clearly erroneous or contrary to law and instead present thorough, detailed, and sound reasoning as to each of the subject motions. Accordingly, the Court affirms each of the subject Orders.

THEREFORE, it is hereby ORDERED that the Plaintiff's objections [96, 98, 113] and appeals are OVERRULED, and the Magistrate Judge's Orders [83, 82, 112] are AFFIRMED in their entirety.

THIS, the 15th day of October, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE