# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

DUNCAN LOTT                                                    PLAINTIFF

v.                                          Civil No. 1:18-cv-00063-GHD-DAS

AXA EQUITABLE LIFE INSURANCE
COMPANY AND DISABILITY MANAGEMENT
SERVICES INC                                                   DEFENDANT

---

## ORDER DENYING MOTION TO INTERVENE

---

This matter is before the Court on non-party Langston & Lott, P.A.'s motion to intervene [94]. In its motion, Langston & Lott P.A. seeks to intervene so that it may appeal the Magistrate Judge's order granting Defendants' Motion to Compel and Denying Motions to Quash. Langston & Lott, P.A. asserts it has an interest in the materials subject to the discovery requests underlying that order.

Under Rule 24 of the Federal Rules of Civil Procedure, to intervene as a matter of right, the movant must show.

> (1) the motion to intervene is timely; (2) the movant asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) disposition of the case may impair or impede the movant's ability to protect her interest; and (4) the existing parties do not adequately represent the movant's interest.

*United States v. Montgomery Cty. Bd. of Educ.*, No. 3:67-CV-00020-NBB, 2018 WL 1321428, at *1–2 (N.D. Miss. Mar. 14, 2018) (citing *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2004)).

The motion was not timely. To determine whether a motion to intervene is timely, the court must consider

> (1) the length of time during which the proposed intervenors actually knew or reasonably should have known of their interest in the case; (2) the extent of the prejudice that the

> existing parties may suffer as a result of the proposed intervenors' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the case; (3) the extent of the prejudice that the proposed intervenors may suffer if the motion is denied; and (4) the existence of unusual circumstances militating for or against the determination that the motion is timely.

*Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996).

Plaintiff Duncan Lott is the President and 50% shareholder in Langston & Lott, P.A. Moreover, Langston and Lott's other shareholder, Duncan's son Casey Lott, represented several of the entities who filed the motions to quash. There is no reason Langston and Lott, P.A. could not have sought to intervene before the Magistrate Judge issued his ruling. *See United States v. Duke Energy Corp.*, No. 1:00CV1262, 2009 WL 10717776, at *2 (M.D.N.C. Jan. 30, 2009) (finding that trade association's motion to intervene was untimely when trade association knew of interest in discovery material but failed to intervene until an unfavorable ruling was issued).

Further, Langston & Lott, P.A.'s interest in the discovery dispute and any appeal is adequately represented by Duncan Lott. As said above, Duncan is the President and 50% shareholder of Langston & Lott, P.A. The record reflects that Duncan Lott and Langston & Lott, P.A. were working together to appeal the Magistrate Judge's order—Langston and Lott, P.A. joined in Duncan Lott's objection and appeal of the order, see [98], and the same attorney filed both the joint objection and Langston and Lott, P.A.'s motion to intervene. Under these circumstances Langston & Lott, P.A. cannot establish that Duncan Lott cannot adequately represent his interests. *See United States v. Duke Energy Corp.*, 218 F.R.D. 468, 470 (M.D.N.C. 2003), *aff'd*, No. 1:00CV1262, 2009 WL 10717776 (M.D.N.C. Jan. 30, 2009) (finding trade association's interest in discovery dispute was adequately represented by its constituent member where the two were "actively working and cooperating with one another . . . with respect to the discovery issues".).

Finally, since Duncan Lott could adequately represent Langston & Lott, P.A.'s interest and since the court has already overruled Lott's objections and affirmed the Magistrate Judge's order, the request to intervene is now moot.

Accordingly, the motion to intervene [94] is DENIED.

SO ORDERED, this, the 31st day of October, 2019.

_____
SENIOR U.S. DISTRICT JUDGE